```
             IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**WILLIAM LOGGINS,**

                Petitioner,

        v.                              CASE NO. 07-3113-SAC

**SAM CLINE,**
**et al.,**

                Respondents.

### O R D E R

This petition for writ of habeas corpus, 28 U.S.C. 2254, was filed by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas. Petitioner has also filed a Motion to Appoint Counsel (Doc. 3) and an "In Forma Pauperis Affidavit" (Doc. 2) stating he currently has a zero balance in his inmate account. The court grants petitioner's motion to proceed in forma pauperis. Petitioner is not entitled to appointment of counsel in this matter simply because he is indigent or has little knowledge of the law. He appears capable of adequately presenting his claims. Accordingly, his motion to appoint counsel is denied without prejudice to his filing another motion for appointment of counsel at a later time.

Petitioner alleges that on October 13, 2000, he was convicted by a jury in Sedgwick County District Court of aggravated kidnaping, aggravated robbery, and aggravated burglary, and was sentenced to 618 months, 61 months, and 34 months. He appealed, and his convictions were affirmed by the Kansas Court of Appeals on October 11, 2002. A Petition for Review was denied on February 4, 2003.

Petitioner alleges he filed[1] a state post-conviction motion under K.S.A. 60-1507 (Kansas Dist. Ct. Case # 04CV13), which was denied. An appeal was docketed on July 28, 2004, and the denial was affirmed by the KCOA on November 9, 2006. A Petition for Review was denied on March 27, 2007. This federal Petition appears to have been executed on April 20, 2007.

As ground one for his federal Petition, Mr. Loggins claims the evidence was insufficient to support the charges of aggravated burglary and aggravated kidnaping. Petitioner alleges his appellate attorney refused to raise this issue on direct appeal, but he raised it in his 60-1507 motion.

As ground 2, petitioner claims ineffective assistance of appellate counsel. In support he alleges counsel failed to appeal his aggravated burglary conviction and to raise "all viable issues requested." Petitioner did not raise this claim on direct appeal since he is claiming ineffective appellate counsel, but he did raise it in his 60-1507 motion.

As ground 3 petitioner claims his trial counsel was ineffective due to his failure to "effectively cross-examine" state's witnesses, to call alibi witnesses, and to properly object to judicial and prosecutorial misconduct during trial. Petitioner did not raise these claims on direct appeal, but in his 1507 motion. He asserts this claim is "not allowed on direct appeal."

As ground 4, petitioner alleges prosecutorial misconduct by interpreters during preliminary hearing and by the prosecutor during closing argument. As ground 5, he claims judicial misconduct during

---

[1] Petitioner does not provide the date his 60-1507 motion was filed.

the preliminary hearing and at trial.  In support he alleges the judge failed to obtain a certified interpreter, allowed the State to amend his charges without another preliminary hearing, allowed an expert witness to testify as to his persona opinion, and failed to instruct on lesser included offenses.  Petitioner indicates he raised these two claims only in his 60-1507 motion.

Having examined the materials filed in this case, the court finds:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

2. petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas.

The court concludes a response to the Petition is required.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and his Motion to appoint counsel (Doc. 3) is denied without prejudice.

**IT IS FURTHER ORDERED THAT**:

1. Respondents herein are hereby required to show cause within twenty (20) days from the date of this order why the writ should not be granted.

2. The response should present:

(a) the necessity for an evidentiary hearing on each of the grounds alleged in petitioner's pleadings; and

(b) an analysis of each of said grounds and any cases and supporting documents relied upon by respondents in opposition to the same.

3. Respondents shall cause to be forwarded to this court for

3

examination and review the following:

> the records and transcripts, if available, of the criminal proceedings complained of by petitioner, if a direct appeal of the judgment and sentence of the trial court was taken by petitioner, respondents shall furnish the records, or copies thereof, of the appeal proceedings.

Upon termination of the proceedings herein, the clerk of this court will return to the clerk of the proper state court all such state court records and transcripts.

4. The petitioner is granted ten (10) days after receipt by him of a copy of the respondents' answer and return to file a traverse thereto, admitting or denying under oath all factual allegations therein contained.

5. The clerk of this court then return this file to the undersigned judge for such other and further proceedings as may be appropriate; and the clerk of this court transmit copies of this order to petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

Dated this 24th day of May, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge