ams/dlm

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| WILLIAM LOGGINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No.  07-3113-JAR |
| | ) | |
| SAM CLINE, et al. | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## MEMORANDUM AND ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY

Before the Court are petitioner William Loggins' Application for Certificate of

Appealability (Docs. 20, 32) and Motion for Transcripts (Doc. 31).  In a detailed Memorandum

and Order (Doc. 16) dated July 30, 2008, the Court denied petitioner's Petition for a Writ of

Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 seeking relief from his state court

convictions for aggravated kidnapping, aggravated robbery, and aggravated burglary.  Petitioner

now seeks authorization to appeal the Court's denial of his § 2254 motion.

I.       **Standard**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner

must obtain a Certificate of Appealability ("COA") before he can appeal "the final order in a

habeas proceeding in which the detention complained of arises out of process issued by a State

court."[1]  Petitioner is not entitled to a COA unless he can make "a substantial showing of the

denial of a constitutional right."[2]  The Court denied relief as to all claims on substantive grounds,

---

[1] 28 U.S.C. § 2253(c)(1)(A).

[2] 28 U.S.C. § 2253(c)(2).

therefore, petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[3]   Petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA.  He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[4]  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims.  In fact, the statute forbids it."[5]

In his § 2254 motion, Petitioner raised several issues.  First, he sought relief based upon ineffective assistance of both trial and appellate counsel.  Second,  he asserted there was insufficient evidence to support convictions of aggravated burglary and aggravated kidnaping. Finally, he alleged several instances of both prosecutorial and judicial misconduct.  Petitioner seeks a COA on each of the issues addressed in this Court's Memorandum and Order denying his § 2254 motion.  The court addresses each in turn.

## II.   Discussion

### A.   *Insufficient Evidence to Support the Conviction of Aggravated Burglary*

Petitioner first argues that the Court should not have found procedural default for his claim that there was insufficient evidence to support the aggravated burglary conviction. Petitioner does not disagree that the issue was not properly raised below.  Instead, petitioner argues that it was error for the Court not to excuse his procedural default based on his claim of ineffective assistance of counsel.  As described fully in its memorandum and order denying

---

[3]*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (construing 28 U.S.C. § 2253(c)).

[4]*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[5]*Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).

habeas relief, reasonable jurists could not find debatable this Court's conclusion that petitioner did not suffer from ineffective assistance of counsel.  Moreover, reasonable jurists could not find debatable the Court's conclusion that petitioner failed to show actual prejudice as a result of counsel's failure to argue that there was insufficient evidence to support the aggravated burglary conviction on appeal.

### B.    Insufficient Evidence to Support the Conviction of Aggravated Kidnapping

In the Court's memorandum and order denying petitioner's habeas petition, it found that the decision of the Kansas Court of Appeals on direct appeal was not contrary to federal law, nor was it an unreasonable determination of the facts to find sufficient evidence to support the conviction of petitioner on the charge of aggravated kidnaping.  Petitioner's claim of error surrounds whether the conviction could be supported despite the fact that the victim was never moved.

The Kansas Court of Appeals relied on *State v. Richmond*[6] and *State v. Buggs*[7] to decide that physically moving the victim was not required under Kansas law because the statute defined kidnaping as "the taking or confining of any person, accomplished by force, threat or deception, with the intent to hold such person to facilitate flight or the commission of any crime."[8]  This Court found that the Kansas Court of Appeals' application of the controlling state law was not contrary to federal law as set forth by the Supreme Court because any rational trier of fact could have found that the victim was confined by threat or force to facilitate flight or the commission

---

[6] 904 P.2d 974 (Kan. 1995).

[7] 547 P.2d 720 (Kan. 1976).

[8] *See* K.S.A. § 21-3420(b).

of the robbery, and thus, actually moving the victim was not an essential element of the crime. Petitioner does not present an argument in his motion for certificate of appealability beyond his disagreement with the Kansas authorities on this issue.  This is not a sufficient basis for this Court to find that reasonable jurists could disagree with this Court's findings that the Kansas Court of Appeals' decision was not contrary to federal law, nor was it an unreasonable determination of the facts.

### C.    Ineffective Assistance of Counsel

Petitioner seeks to appeal the Court's finding that his trial and appellate counsel was not ineffective for failing to: (1) appeal the aggravated burglary conviction, (2) appeal all viable issues requested by petitioner, (3) effectively cross-examine the State's witnesses, (4) call alibi witnesses requested by petitioner, (5) properly object to prosecutorial misconduct during preliminary hearing, and (6) object to the prosecutor writing "guilty" on the chalkboard during closing argument.  The Court incorporates by reference the analysis in its memorandum and order, which in fact addressed each of these arguments.  For those same reasons, this Court does not find that a reasonable jurists would find the district court's assessment of the effectiveness of petitioner's counsel debatable or wrong.  The record is clear that the Kansas Court of Appeals' well-reasoned conclusion that counsel was not ineffective was sound and not contrary to federal law, as set forth in *Strickland v. Washington*[9] and its progeny.

### D.    Prosecutorial Misconduct

In a review for a due process violation "it is not enough that the prosecutor's comments

---

[9] 466 U.S. 668, 686 (1984).

4

were undesirable or even universally condemned."[10]  The relevant question is whether the prosecutor's actions "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[11]  This Court was required to consider whether the state court's analyses of petitioner's claims of prosecutorial misconduct were contrary to federal law.

Petitioner contends that reasonable jurists could disagree about whether his claims of prosecutorial misconduct rise to the level of a due process violation.  The Court disagrees.  As discussed in its memorandum and order, the state court's finding that the prosecutor's act of writing "guilty" on the chalkboard during closing arguments did not rise to the level of a due process violation was not contrary to federal law.  Nor was it's finding that the use of the victim's daughter as an interpreter during the preliminary hearing did not rise to the level of a due process violation contrary to federal law.  With regard to closing arguments, it was not error for the state court to find no due process violation given the context of the prosecutor's action.  With regard to the interpreter, this alleged violation occurred during a preliminary hearing, not during trial.  There is no evidence or accusation that the translation was inaccurate; in fact, another sworn interpreter confirmed the accuracy of the challenged translation.  Moreover, the state court accurately noted that petitioner injected the preliminary hearing into the record at his trial to impeach the testimony of the victim.  Therefore, petitioner is unable to show prejudice and the state court's findings were properly upheld as consistent with federal law.

### E.    Judicial Misconduct

Finally, petitioner raises claims of judicial misconduct during his trial based on a number

---

[10]*Darden v. Wainwright*, 477 U.S. 168, 181 (1986).

[11]*Id.* (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974)).

of alleged erroneous rulings.  In a habeas appeal, the Court does not evaluate whether it would reverse a conviction after a trial in which a judge behaved in the manner alleged by petitioner; instead, the Court "ask[s] whether the state trial judge's behavior rendered the trial so fundamentally unfair as to violate federal due process under the United States Constitution."[12] None of the assertions of judicial misconduct made by petitioner involve the state judge's behavior; only legal rulings that were not in petitioner's favor.  On this point alone, reasonable jurists could not disagree.  Out of an abundance of caution, however, the Court addressed in its memorandum and order the various rulings complained of by petitioner and found that none of these grounds provide an adequate basis for habeas relief.  For those additional reasons, the Court finds that reasonable jurists would not find debatable that these rulings were not contrary to federal law.

## III.    Request for Transcripts

Petitioner has also filed a Motion for Transcripts (Doc. 31), requesting an order from the Court requiring the Sedgwick County District Court to deliver the transcripts from his trial and all records pertaining to this case.  Plaintiff did not include in his habeas petition a claim that the state court violated his constitutional rights by denying him access to his trial transcript request.[13]

Under 28 U.S.C. § 753(f), fees for transcripts furnished by an indigent party in a habeas corpus case proceeding in forma pauperis, such as petitioner in this case, may be paid by the United States when the Court certifies that the appeal is not frivolous and that the transcript is

---

[12]*Duckett v. Godinez*, 67 F.3d 734, 740 (9th Cir. 1995).

[13]*See Hailey v. Ray*, No. 08-6175, 2009 WL 361256 at *1 n.1 (10th Cir. Feb. 13, 2009); *Tyler v. Owen*, 172 F.3d 879 (table), 1999 WL 100930 (10th Cir. Mar. 1, 1999).

needed to decide the issue presented by the suit or appeal.[14]  While a trial transcript is "an absolute matter of right" on direct appeal, an indigent § 2254 petitioner must demonstrate that his claim is not frivolous before the Court must provide him with a free transcript.[15]  "Naked allegations" of ineffective assistance of counsel are insufficient and the Court need not provide petitioner with a free transcript in order for him to search for an error.[16]

This Court is not in a position to order the state court to deliver the trial transcripts in this matter to petitioner.  The issue was not raised in his habeas petition, nor in his motion for certificate of appealability.  Instead, it was raised as a separate motion, and petitioner fails to point the Court to any order of the state district court that contravenes federal law on this matter. Therefore, the Court denies his motion for transcripts.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's motion for certificate of appealability (Docs. 20, 32) and motion for transcripts (Doc. 31) are DENIED.

**IT IS SO ORDERED.**

Dated:  <u>March 6, 2009</u>

 S/ Julie A. Robinson_____
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[14]*See Brown v. N.M. Dist. Court Clerks*, 141 F.3d 1184 (table), 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998).

[15]*Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992).

[16]*Id.*